IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**CHAUNCI KING**,

        Plaintiff,

v.

**CITY OF PORTLAND, et al.**,

        Defendants.

No. 3:16-cv-00616-AC

OPINION AND ORDER

**MOSMAN, J.**,

On August 11, 2016, Magistrate Judge John Acosta issued his Findings and Recommendation ("F&R") [30], recommending that Defendants' Motion to Dismiss Plaintiff's lawsuit for failure to state a claim [17] should be GRANTED IN PART and DENIED IN PART. Plaintiff objected [32] and Defendants responded [34]. Upon careful review, I ADOPT the F&R [30] in part.

## LEGAL STANDARD

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the

1 – OPINION AND ORDER

court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Upon careful review, I agree with Judge Acosta's recommendation that Plaintiff's third and twelfth claims for relief should be DISMISSED with prejudice. I also agree with Judge Acosta's recommendation that her first, fifth, and seventh claims should be DISMISSED without prejudice. However, Plaintiff's second claim should be DISMISSED without prejudice as well.

I agree with Judge Acosta's recommendation that plaintiff's second claim should be dismissed because the Civil Service Board's determination that Plaintiff was a probationary employee has preclusive effect on this Court. In my view, however, having preclusive effect does not automatically answer the question whether dismissal should be with or without prejudice. Plaintiff has appealed the Oregon Circuit Court's decision to uphold the Civil Service Board's determination that she was a probationary employee when she was fired. Pl. Mot. [32] at 2. That appeal is still pending. *Id.* Should plaintiff prevail in her appeal, her second claim for relief in this case may be plausible on substantive due process grounds. But, if I dismiss the second claim with prejudice, Plaintiff may not have an opportunity to renew the claim because her time to appeal my decision may have passed. Accordingly, I find that Plaintiff's second claim should be DISMISSED without prejudice so that Plaintiff may have the opportunity to renew her claim if she is successful in appealing the Civil Service Board's determination that she was a probationary employee.

2 – OPINION AND ORDER

## CONCLUSION

For the reasons discussed above, I ADOPT the F&R [30] in part. It is ORDERED AND ADJUDGED that Plaintiff's third and twelfth claims for relief should be DISMISSED with prejudice. Plaintiff's first, second, fifth, and seventh claims should be DISMISSED without prejudice.

IT IS SO ORDERED.

DATED this   23   day of September, 2016.

                                              /s/ Michael W. Mosman
                                              MICHAEL W. MOSMAN
                                              Chief United States District Judge